UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Raymond Roosa, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>-v.-<br><br>Raymond Meisenbacher & Sons, Esqs. PC,<br>       Defendant(s). | Civil Action No: 3:22-cv-1264<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Raymond Roosa (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Raymond Meisenbacher & Sons, Esqs. PC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

Case 3:22-cv-01264-MAS-DEA   Document 1   Filed 03/08/22   Page 2 of 14 PageID: 2

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred, including but not limited to the underlying judicial action involving the debt at issue herein.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Pennsylvania, County of Lackawanna.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with principal place of business of 739 East Main Street, Bridgewater, New Jersey 08807.

2

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individual consumers with addresses in the State of New Jersey or Pennsylvania;

    b. to whom Defendant sent a notice of application for wage execution;

    c. from whom Defendant garnished wages;

    d. without ever serving the individual with a summons and complaint for the lawsuit associated with the underlying debt;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The class definitions may be subsequently modified or refined.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's actions and omissions are in violation of 15 U.S.C. §§ 1692c, 1692d, l692e, 1692f and 1692i et seq.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's actions and omissions are in violation of 15 U.S.C. §§ 1692c, 1692d, l692e, 1692f and 1692i et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Prior to January 11, 2022, a debt obligation was allegedly created to the original creditor, Washington Mutual.

22. Upon information and belief, Washington Mutual sold the defaulted debt to Retail Recovery Svc NJ, Inc.

23. Upon information and belief, Retail Recovery Svc NJ, Inc. contracted Defendant to collect the subject debt from Plaintiff.

24. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

25. Defendant lists Plaintiff's address as 700 Broadway, Ste. 308 Washington Twp., NJ 07676.

26. Plaintiff has never lived at this address.

27. Plaintiff has never worked at this address.

28. Plaintiff has no known association to this address.

29. Upon information and belief, this address is not even a residential address.

30. Plaintiff lives and works in the state of Pennsylvania.

31. Nevertheless, this is the address to which Defendant certifies under penalty of perjury to have served Plaintiff.

32. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

33. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

34. The subject obligation is consumer-related and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

*Violation – January 11, 2022 Collection Letter*

35. On or about January 11, 2022, Defendant sent a notice of garnishment to Plaintiff's employer, which is how Plaintiff was first informed of the subject garnishment. (See Exhibit A.)

36. The notice was not sent to the Pennsylvania branch where Plaintiff actually works.

37. The notice was not sent to Plaintiff's home address or even his home state.

38. Instead, the notice of garnishment was deceptively sent to the New Jersey office of Plaintiff's employer, Gardaworld, located at 210 Fairfield Rd, Fairfield, NJ 07004.

39. Plaintiff's employer was ordered to garnish Plaintiff's salary for a debt with which Plaintiff is not familiar.

40. Plaintiff's wages were first garnished on March 1, 2022.

41. Upon information and belief, Plaintiff does not owe the subject debt.

42. Alternatively, if Plaintiff does owe part of this debt, he should not have to pay for fees and costs associated with a lawsuit for which he was not served with a summons and compliant. Plaintiff was not provided a fair opportunity to defend himself at trial for the underlying debt.

43. Yet, Defendant's notice references a judgment in the amount of $4,583.04 obtained on May 17, 2013.

44. Including additional costs and fees, Plaintiff allegedly owes a total amount of $5,339.07.

45. Defendant even acknowledges its failed attempts to send certified mail to Plaintiff's incorrectly listed address. (See pg. 3, Number 3. of Exhibit A)

46. As a result of Defendant's various violations of the FDCPA, the Plaintiff incurred an informational injury as Defendant misstated the nature, character, and amount of the debt.

47. Additionally, Plaintiff became fearful that this debt would continue to get larger and he would incur further difficulty in paying such debt, particularly in light of the fact that his wages have already been garnished.

48. However, Plaintiff was unable to effectively respond to Defendant's collection efforts as he was unsure which entity to trust and how much would satisfy his debt in full.

49. Therefore, Plaintiff had to spend time and money researching how to handle this debt.

50. He spoke to people he knew about the debt, tried to discern how much, if any, of an obligation he was required to pay and to which entity.

51. Plaintiff was directly harmed by Defendant garnishing his wages for a debt with which Plaintiff is not familiar.

52. Due to Defendant's failure to provide Plaintiff with proper notice of his alleged debt obligations, Plaintiff was unable to work out an agreement with the creditor and was prevented from settling the subject debt at a reduced cost.

53. Plaintiff was also not provided a fair opportunity to dispute the subject debt or defend himself against the judgment issued against him.

54. Plaintiff was terribly embarrassed at work to face his superiors in light of the garnishment against his salary.

55. As a result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

56. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

58. Pursuant to 15 U.S.C. §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

59. Defendant violated §1692c(b):

   a. As it was not reasonably necessary to contact Plaintiff's employer to garnish his wages prior to actually making contact with Plaintiff directly to try and work out a payment plan with him.

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692d *et seq.***

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

63. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. Defendant violated §1692d:

   a. As garnishing Plaintiff's wages without providing proper notice of the underlying lawsuit for the alleged debt has the natural consequence of harassing, oppressing and/or abusing Plaintiff.

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated §1692e:

    a. Falsely representing the amount of the debt in violation of § 1692e(2)(A);

    b. Failing to effectively convey the amount of the debt;

    c. Falsely representing the legal status of the debt in that it seemed Plaintiff had been served with a summons and complaint, in violation of § 1692e(2)(A);

    d. Falsely representing that compensation may be lawfully received by Defendant despite the fact that Defendant did not send proper notice to Plaintiff of the alleged debt, in violation of § 1692e(2)(B);

    e. Unlawfully garnishing Plaintiff's wages, in violation of § 1692e(4);

    f. The threat to continue to unlawfully garnish Plaintiff's wages, in violation of § 1692e(5);

    g. Falsely representing to Plaintiff's employer that he has an outstanding judgment for a known debt in order to disgrace Plaintiff, in violation of § 1692e(7);

    h. Use of court documents to make it appear that Plaintiff was served with service of process and proper notice, when in fact Plaintiff was not, in violation of § 1692e(9);

    i. Using false, deceptive, and/or misleading representations or means in connection with their attempts to collect debts, in violation of § 1692e(10).

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

74. Defendant violated this section by

   a. Attempting to collect an amount that is not expressly authorized by the agreement creating the debt or by law in violation of § 1692f; and

   b. Unfairly garnishing Plaintiff's wages without providing him proper notice of the underlying lawsuit related to the subject debt.

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT V

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692i *et seq.*

76. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692i.

78. Pursuant to 15 U.S.C. § 1692i, a debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action.

79. Defendants violated this section by:

   a. Bringing legal action against Plaintiff in New Jersey when he lives in Pennsylvania.

   b. Upon information and belief, bringing legal action against Plaintiff in New Jersey when the underlying contract was not created in New Jersey.

80. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692i et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raymond Roosa, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 8, 2022                                                    Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Yaakov Saks**
Yaakov Saks, Esq.
1 University Plaza, Suite 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*